UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Skechers U.S.A., Inc. II,<br><br>                          Plaintiff,<br>V.<br><br>The Partnerships and Unincorporated Associations Identified On Schedule A,<br><br>                          Defendants. | CASE NO.: 1:24-cv-00596 |

**DEFENDANTS' MOTION TO DISMISS AND
MOTION TO VACATE OR MODIFY PRELIMINARY INJUNCTION**

NOW COME Defendants Shenzhen Jiuan Yunchen Network Technology Co., Ltd. (No. 1 anticipateh.com), Giske Network Technology Co., Limited (No. 6 cafeteriam.com and No. 12 haulinferen.com), Justen Trading Co., Limited (No. 14 implicationi.com), Shenzhen Huipeng Network Technology Co., Ltd. (No. 95 localityi.com), Amgo Technology Co., Limited (No. 100 moissture.com), and Shenzhen Jiangmao Network Technology Co., Ltd. (No. 101 signifye.com), by and through their undersigned counsel, hereby move to dismiss the amended complaint (Dkt. 50) and vacate or modify the preliminary injunction in place (Dkt. 30) and state as follows.

**I.
PRELIMINARY STATEMENT**

Defendants are Chinese entities operating exclusively in China. They have not purposefully directed their activities at Illinois, nor do limited sales, especially a single sale procured by Plaintiff, confer jurisdiction upon this court. Consequently, the court lacks the authority to impose the preliminary injunction, which the plaintiff has failed to justify anyway. The Court's Order dated February 27, 2024 (Dkt. 30) decided it has personal jurisdiction "in the absence of adversarial presentation." (Dkt. 30.) Therefore, Defendants respectfully provide the

1

following authorities and points in support of their motions and move to vacate the preliminary injunction in its entirety, or, alternatively, to modify the restraints on Defendants' financial accounts.

## II.
## STATEMENT OF FACTS

Defendants Shenzhen Jiuan Yunchen Network Technology Co., Ltd. (No. 1 anticipateh.com), Giske Network Technology Co., Limited (No. 6 cafeteriam.com and No. 12 haulinferen.com), Justen Trading Co., Limited (No. 14 implicationi.com), Shenzhen Huipeng Network Technology Co., Ltd. (No. 95 localityi.com), Amgo Technology Co., Limited (No. 100 moissture.com), Shenzhen Jiangmao Network Technology Co., Ltd. (No. 101 signifye.com) are incorporated, have their principal place of business, and operate exclusively in China. *See generally*, Defendants' Declarations (**Decls.**). Defendants have never owned or utilized an office, hired employees, agents, or representatives, maintained bank accounts, owned assets or properties, or qualified to do business in Illinois or any part of the United States. *See generally*, Decls. Neither the Stores nor Defendants have targeted Illinois residents with their advertisements or directed any marketing efforts or materials at Illinois. *See generally*, Decls.

Defendants conducted a diligent search of the Stores' sales records maintained in the ordinary course of Defendants' business. *See generally*, Decls. Six out of the seven Stores, *i.e.*, anticipateh.com, cafeteriam.com, haulinferen.com, implicationi.com, moissture.com, and signifye.com, made only one sale in Illinois—each of which was procured by the Plaintiff for the sole purpose of this litigation. *See generally*, Decls. The revenue of each of these Stores is less than $60. *See generally*, Decls. The Store localityi.com had only three sales in Illinois, including a test purchase made by the Plaintiff for the sole purpose of this litigation. *See* Decl. The total revenue for this Store is $189.19. *See* Decl. The buyer of some of these orders is Yanling Jiang—

2

plaintiff's counsel of record. *See generally*, Decls. The shipping address of these test orders is 33 W Jackson Blvd., Suite 200/Unit #2W, Chicago, Illinois, 60604—the office addresses for counsel of record. *See generally*, Decls. These Stores have a combined asset restraint of $4,221,236.07 due to the preliminary injunction. *See generally*, Decls.

### III.
### THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS

Fed. R. Civ. P. 12(b)(2) allows for dismissal of a complaint for lack of personal jurisdiction. Personal jurisdiction may be general or specific. *Purdue Research Found. v. Sanofi- Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). The Plaintiff cannot establish either form of jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014) (Plaintiffs bear the burden of establishing that personal jurisdiction exists).

**A. Plaintiff cannot establish general jurisdiction.**

General jurisdiction requires connections with the forum that are "so continuous and systematic" as to render the entity "essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Defendants physically operate the Stores in China and have never owned or utilized an office, hired employees, agents, or representatives, maintained bank accounts, owned assets, or qualified to do business in Illinois. *See generally*, Decls. Neither the Stores nor Defendants have targeted Illinois residents with their advertisements or directed any marketing efforts or materials at Illinois. *See generally*, Decls. These Stores had only one to three sales of the alleged products in Illinois, and most appear to have been placed by Plaintiff for the purposes of this litigation, falling far short of the "continuous and systematic" contacts needed to render Defendants at home in Illinois. *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction); *Daimler*, at 118; *See generally*, Decls.

3

### B. Plaintiff cannot establish specific jurisdiction.

Nor does the court have specific jurisdiction over Defendants. In cases involving intentional torts, specific jurisdiction requires (1) that the conduct underlying the claims was purposefully directed at the forum state; (2) that the alleged injury arises out of the defendant's forum-selected activities; and (3) that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See, e.g.*, *Tamburo v. Dworkin*, 601 F.3d 693, 702-709 (7th Cir. 2010) (in contrast, courts generally adopt "purposeful availment" test in contract-based actions) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984). Jurisdiction can only be based on actions created by the defendant, not any unilateral activity of a plaintiff or third person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 417 (1984).

#### a. *Defendants did not purposefully direct their conduct at Illinois.*

"Purposeful direction" requires intentional conduct expressly aimed at the forum state, with the defendant's knowledge that the plaintiff would be injured in the forum state. *See Tamburo*, at 703. Express aiming at a forum necessitates a forum-state injury and "something more" directed at that state. *Id.*, at 705-06. Merely operating an interactive website accessible from Illinois does not meet the required "something more." *See be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *Advanced Tactical*, at 803. Additionally, a single incident, especially one fabricated solely to establish personal jurisdiction over a defendant, is insufficient to establish specific jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019); *NBA Props. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022) (distinguishing *Matlin*, which involved a single incident created for personal jurisdiction); *Russell v. SNFA*, 987 N.E.2d 778, 793 (Ill. 2013) (specific jurisdiction should not be exercised based on a single sale in a forum, even when a manufacturer or producer "knows or reasonably should know that its products are distributed through a nationwide

4

distribution system that might lead to those products being sold in any of the fifty states). Courts in this Circuit have consistently refrained from exercising jurisdiction based on such minimal, random, and fortuitous contacts. *E.g.*, *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *10 (N.D. Ill. Mar. 4, 2021); *Hangzhou Chic Intelligent Tech. Co. v P'ship & Unincorporated Ass'n Identified on Schedule "A"*, 2022 US Dist LEXIS 109380, at *8 (ND Ill June 21, 2022, No. 20 C 4806); *see also*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (the purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts).

Plaintiff cannot establish specific jurisdiction over Defendants. Defendants operate interactive e-commerce websites accessible in Illinois but have not targeted or directed their activities specifically at Illinois. For six out of seven of these Stores, only one test purchase was placed by Plaintiff to artificially establish jurisdiction in this state. *See generally*, Decls. The Seventh Circuit has consistently deemed such a test sale irrelevant and insufficient to establish jurisdiction. *See Matlin*, at 706. The Store localityi.com made only three sales in Illinois, with one purchase made by the Plaintiff. There are no additional connections linking Defendants with Illinois—no physical presence, targeted advertisement, or significant sales activity in this state.

    b. **_The alleged injuries did not arise from activities in Illinois._**

To establish specific jurisdiction, the alleged injuries must "arise out of" or "relate to" the defendant's minimum contacts with the forum. *E.g.*, *Tamburo*, at 708; *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020). This inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Advanced Tactical*, at 801. The relationship between the defendant and the forum must arise from contacts that the defendant itself creates with the forum. *Walden*, at 284; *Burger King*, at 475. Importantly, in *Matlin*, the Seventh Circuit found that a sale

placed by the plaintiff for the purposes of salvaging jurisdiction after the initiation of litigation could not establish jurisdiction. *Matlin*, at 707. Similarly, in *Advanced Tactical*, the Seventh Circuit found the plaintiff failed to demonstrate the sale in the state was due to the allegedly infringing activities, and, therefore, could not support jurisdiction. *Advanced Tactical*, at 803.

Similar to *Matlin* and *Advanced Tactical*, the connection prong of specific jurisdiction cannot be met here. These Defendants operate the Stores exclusively in China. For six out of the seven Stores, the only contacts with Illinois—the sole sale placed in Illinois—was procured by Plaintiff for the sole purpose of establishing jurisdiction. The other Store had only three sales in Illinois with one of them placed by Plaintiff for purposes of this litigation. Plaintiff suffered no injury in this state; the sales were merely concocted to initiate this litigation. Plaintiff's choice to file suit in Illinois, which now hosts a "cottage industry" of similar "Schedule A" cases, is random and fortuitous. *See Xped LLC v. Entities Listed on Exhibit 1*, No. 21 CV 6237, 2023 U.S. Dist. LEXIS 157275, at *1 (N.D. Ill. Sep. 6, 2023); *Brabus GmbH v. Individuals, Corps., Ltd.*, No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302, at *2 (N.D. Ill. Oct. 13, 2022).

    c. *<u>Exercising jurisdiction is unfair and unreasonable.</u>*

Even if Plaintiff satisfies the first two requirements, which Defendants firmly deny, the court should still avoid exercising jurisdiction unless it aligns with the traditional notions of fair play and substantial justice. *See Tamburo*, at 709. The courts evaluate the following factors to determine the fairness and reasonableness of exercising jurisdiction: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *Id.*; *Burger King*, at 477.

These factors strongly disfavor jurisdiction. Defendants, foreign enterprises with no

6

presence or infrastructure in Illinois, face a significant burden in defending this lawsuit. There are no facts to support Plaintiff's pursuit of convenient and effective relief can be achieved in this jurisdiction—no evidence or witnesses are present in this state. This court has little interest in adjudicating an alleged injury incurred by Plaintiff itself. Moreover, as this court has observed, these "cottage industry" "Schedule A" cases have consumed tremendous judicial resources in this district. *See Brabus GmbH v. Individuals, Corps., Ltd.*, No. 20-cv-03720, 2022 U.S. Dist. LEXIS 187302, at *2 (N.D. Ill. Oct. 13, 2022). The courts should manage their dockets to prevent such unreasonable abuse of judicial resources. *See id*. Six Store made only one sale in Illinois, and the other made only three sales in Illinois. The nation's shared interests would be best served by refraining from exercising jurisdiction when the serious burden on an alien defendant substantially outweighs such minimal interests. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 115 (1987).

## IV.
## THE PRELIMINARY INJUNCTION SHOULD BE VACATED OR MODIFIED

Absent personal jurisdiction, this Court lacks the authority to impose the preliminary injunction (Dkt. 27 & 28). *See Advanced Tactical*, at 800. Even if this court decides it has jurisdiction, Plaintiff has failed to meet its burden to justify the necessity of the preliminary injunction as to the asset restraints. Even if the Court finds the injunction to be appropriate, it should be modified to apply solely to the revenue from the sales of the alleged products.

A preliminary injunction is an extraordinary and drastic remedy, one that must be cautiously given and proportionately tailored to the violation. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). Plaintiff must clearly demonstrate a likelihood of success on the merits, the inadequacy of other remedies at law, and irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Grp. Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The court must weigh these factors and

balance the potential harm to each party as well as consider the public interest using a sliding scale approach. *Id*. A court may deny a motion for a preliminary injunction if a party fails to establish either the likelihood of success on the merits or irreparable harm. *ABC Prods. v. Individuals*, No. 23 C 4131, 2024 U.S. Dist. LEXIS 67662, at *2 (N.D. Ill. Jan. 9, 2024).

District courts generally do not have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment. *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331 (1999). One exception to that general rule is where a plaintiff seeks an equitable relief—like disgorgement of profits. *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 U.S. Dist. LEXIS 205985, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). However, the scope of prejudgment restraint must be limited to what is reasonably necessary to secure equitable relief. *Id*. If the amount of profits is known, then the asset freeze should apply only to that specific amount "and no more." *Id*.

Plaintiff apparently does not intend to seek disgorgement of profits. Plaintiff recently filed a motion for a prejudgment asset restraint (Dkt. 56), alleging Defendants have "damaged Plaintiff in an amount of at least $11 million dollars" representing the amount of corrective advertising—a form of actual damages. *See Zelinski, Jr. v. Columbia 300, Inc.*, 335 F.3d 633 (7th Cir. 2003) (awarding corrective advertising as actual damages). The damages Plaintiff sought does not justify the asset restraint currently in place.

Monetary damages, however substantial, do not constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id*. Further, an injunction is unnecessary if there is little likelihood of recurrence, especially when the defendant has promised not to resume selling the items. *M-F-G Corp. v. Emra Corp.*, 817 F.2d 410, 411 (7th Cir. 1987). Defendants have permanently

discontinued the sale of the alleged products and have assured the court that they will not resume these sales. *See generally*, Decls.

To the extent the court decides to keep the preliminary injunction, Defendants have provided sufficient evidence showing the total sales revenue from the alleged products. The Stores' employees reviewed their records, maintained in the ordinary course of business, for the alleged products and have submitted the complete and accurate sales records in the accompanying declarations. *See generally*, Decls. As explained, the court should not impose asset restraints exceeding the scope of possible equitable relief.

Plaintiff has no likelihood of success when the court has no jurisdiction. Moreover, Plaintiff has not shown that Defendants used its trademarks in a manner likely to cause confusion. *See* 15 U.S.C. §§ 1114 & 1125; *Ziebart Int'l Corp. v. After Mkt. Assocs.*, 802 F.2d 220, 226 (7th Cir. 1986). The Stores localityi.com, signifye.com, and implicationi.com used "SKECHERS" in their Facebook advertisements, but they did not use any Skechers marks on their product purchasing pages or otherwise indicate a relationship with Skechers, substantially reducing confusion to consumers. The Store moissture.com sold sneakers with an "S" design on the shoes, but it did not otherwise indicate the products were related to Skechers. Simply having an "S" on the shoes, without more, is highly unlikely to confuse a consumer. The Stores anticipateh.com, cafeteriam.com, and haulinferen.com do not use any alleged Skechers trademarks. Their products bear a pattern around the heel area, but it is in no way similar to any Skechers "S" marks. Nor is the wave-like design distinctive enough to indicate the products are related to Skechers. In any event, six out of the seven Stores have zero sales absent Plaintiff's test orders, undermining any actual confusion to consumers.

Finally, freezing Defendants' primary financial accounts will severely harm their ability to conduct normal business operations. As a common tactic in these types of cases, plaintiffs seek to

restrain defendants' financial accounts to gain leverage in settlement negotiations when there is little to no likelihood of success on the merits. A disproportionate injunction that severely strains the Store's liquidity could inadvertently benefit Plaintiff, as Defendants might be more inclined to settle rather than prove its case. Modifying the injunction to more reasonable amounts would protect the public interest adequately. An overly restrictive injunction would stifle commercial activity and unduly suppress competition.

## V.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the case against Defendants with prejudice, vacate or modify the preliminary injunction, and grant other relief that is just and appropriate.

Dated: May 20, 2024     Respectfully submitted,

*/s/ Ronghua Guan*
Jacob Chen, Esq. (*pro hac vice*)
Ronghua Guan, Esq. (*pro hac vice*)
DGW KRAMER LLP
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Tel: (917) 983-2806
Email: ronghua@dgwllp.com

*Attorneys for Defendants*