UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Skechers U.S.A., Inc. II,

              Plaintiff,

V.

The Partnerships and Unincorporated Associations Identified On Schedule A,

              Defendants.

CASE NO.: 1:24-cv-00596

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR PREJUDGMENT ASSET RESTRAINT**

NOW COME Defendants No. 1 anticipateh.com (owned and operated by Shenzhen Jiuan Yunchen Network Technology Co., Ltd.), No. 6 cafeteriam.com and No. 12 haulinferen.com (owned and operated by Giske Network Technology Co., Limited), No. 14 implicationi.com (owned and operated by Justen Trading Co., Limited), No. 95 localityi.com (owned and operated by Shenzhen Huipeng Network Technology Co., Ltd.), No. 100 moissture.com (owned and operated by Amgo Technology Co., Limited), and No. 101 signifye.com (owned and operated by Shenzhen Jiangmao Network Technology Co., Ltd.), hereby file their Opposition to Plaintiff's Motion for Prejudgment Asset Restraint.

**ARGUMENT**

A.    **The Court Correctly Found Plaintiff Is Not a Creditor**[1]

The Court has correctly determined that Plaintiff is not a "creditor" under 735 ILCS 5/4-101 and thus not entitled to a writ of attachment. Plaintiff's reading of 735 ILCS 5/4-101 to mean

---

[1] The Court has yet to enter a ruling on Defendants' Motion to Dismiss and Plaintiff has yet to establish jurisdiction [Dkt. 71]. The Court will not have any authority to impose an asset restraint until the jurisdiction issue is decided in Plaintiff's favor.

1

that a creditor could be anyone "having a money claim…sounding in contract or tort" simply contravene the plain language of the statute. (Plaintiff's [Renewed] Motion for Entry of a Prejudgment Asset Restraint, Dkt. 73, at 12.) As the Court correctly observed, the statute does not apply to "a potential creditor;" but strictly "a creditor." (Transcript of the Hearing on May 15, 2024 (hereinafter "Transcript"), attached hereto as Exhibit A, at p. 5, l. 2-3.) The statute requires both (1) a "creditor," (2) with "a money claim…sounding in contract or tort." 735 ILCS 5/4-101. If the Legislature intends the statute to be applicable to anyone who has a "claim," the word "creditor"—the simple most important word in the statute—would be superfluous.

The court correctly determined that Plaintiff "[doesn't] have a judgment, which means you are not a creditor" and the statute does not apply. (Transcript, at p. 5, l. 19-21.) Taking the Court's observation out of context, Plaintiff's lengthy text explaining why the statute allows attachment before judgment simply misses the point and does not remedy the deficiency of its motion. The statute does allow prejudgment attachment. But it does not permit any non-creditor to seek attachment before a judgment. Plaintiff's motion fails to contradict the Court's previous finding that Plaintiff is not a "creditor" under any definition of the word within the Court's knowledge. (Transcript, at p. 5, l.4-17.) Indeed, If Plaintiff were correct, any plaintiff could be a "creditor" and seek to attach the property of a defendant.

B. **Plaintiff Is Not a Creditor Under 735 ILCS 5/4-101.**

To seek attachment, a plaintiff must be a "creditor having a money claim" and satisfy one of the ten numerated situations in 735 ILCS 5/4-101. Plaintiff cites the Black's Law Dictionary's definition of a "creditor" to mean "[a] person or entity with a **definite** claim against another, esp. a claim that is **capable of adjustment and liquidation**." Black's Law Dictionary (11th ed. 2019). The Wolters Kluwer Bouvier Law Dictionary (Desk Edition) also defines a creditor as "a person or entity that has a **right to require payment** or performance in fulfillment of an obligation,

whether it arises under contract or otherwise." Wolters Kluwer Bouvier Law Dictionary (Desk Edition).

These interpretations are consistent with Illinois statutes which generally interpret the word "creditor" to require a "right to payment." For example, the Uniform Fraudulent Transfer Act defines a "creditor" as "a person who has a claim;" a "claim" means "**a right to payment**, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 740 ILCS 160/2(c) & (d) (emphases added). A "claim" or a "right to payment" is "nothing more nor less than an **enforceable obligation**." *Panos Trading, LLC v. Forrer*, 2017 IL App (1st) 161460-U, P11 (emphasis added).

Contrary to Plaintiff's argument, although Illinois courts' interpretation of a "claim" is broad, it is "not all-encompassing." *A.P. Props. v. Goshinsky*, 186 Ill. 2d 524, 528-29, 239 Ill. Dec. 600, 603, 714 N.E.2d 519, 522 (1999). There must be an "existence of 'a right to payment'" that a plaintiff can seek to recover from the debtor. *Id*. Simply put, there must be an existing creditor/debtor relationship, despite being contingent, unmatured, or disputed, "but it must exist." *Id*.

Moreover, 815 ILCS 175/15-5.05 defines a "creditor" as any person to whom a loan is initially payable on the face of the note or contract evidencing the loan. This definition further underscores that an existing or established right to payment is a prerequisite to call someone a "creditor." This interpretation is also consistent with how the Court interpreted the same word in 735 ILCS 5/4-101.

Courts that have considered the issue have granted attachment only to creditors who have a definite right to payment or an existing enforceable obligation that is capable of immediate liquidation and ascertainment, despite being subject to disputes. For example:

3

- *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir. 1993): granted attachment against the defendant who failed to pay under the promissory note.

- *Romans v. Orange Pelican, LLC*, No. 22-cv-4169, 2022 U.S. Dist. LEXIS 204943, at *4 (N.D. Ill. Nov. 10, 2022): granted attachment against a defendant who allegedly failed to make payment under the promissory notes.

- *Thompson Corrugated Sys. v. Engico S.R.L.*, No. 20-cv-122-JPG, 2022 U.S. Dist. LEXIS 141901, at *1 (S.D. Ill. Aug. 3, 2022): granted attachment when the parties agreed upon paying commission for machine sales in the U.S.

- *U.S. Bank N.A. v. Rose*, 2014 IL App (3d) 130356, ¶ 5, 4 N.E.3d 601, 603: granted attachment where the borrower who executed a loan with U.S. Bank transferred assets in violation of the terms of the promissory note.

- *First Mid-Illinois Bank & Tr., N.A. v. Parker*, 403 Ill. App. 3d 784, 787, 933 N.E.2d 1215, 1217 (2010): granted attachment when Mid-Illinois Bank sued to collect on guaranties of promissory notes.

- *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 305 Ill. App. 3d 63, 65, 710 N.E.2d 435, 436 (1999): granted attachment against a promissory note guarantor.

- *Cozart v. Cozart*, 258 Ill. App. 3d 848, 849, 631 N.E.2d 889, 890 (1994): granted attachment against the defendant who failed to pay alimony as ordered in the judgment of dissolution of marriage.

Plaintiff's claims in this action are not a creditor's claims. Plaintiff and Defendants are not in a creditor-debtor relationship. Plaintiff has no right that is promptly "enforceable." *See Panos Trading, LLC v. Forrer*, 2017 IL App (1st) 161460-U, P11. Plaintiff's copyright infringement claims do not necessarily entail any "right to payment" upon proof at trial. Plaintiff cannot be allowed to run afoul of the consistent interpretation of "creditor," which has a strong foundation in the plain meaning of the word.

Plaintiff's position also finds no case law support. The three cases Plaintiff cites are distinguishable. First, Plaintiff cites to *Dougherty v. Cole*, 401 Ill. App. 3d 341, 343, 934 N.E.2d 16, 23 (2010). That case supports the Court's prior denial of Plaintiff's Motion. In that case, a son killed his mother in insanity but received half of the assets from his mother's estate. *Id*. Contrary to Plaintiff's argument, the trial court attached the assets the son received from his mother's estate

4

upon finding the son liable under the Slayer Statute and for her mother's wrongful death. *Id*. The court of appeals affirmed the judgment and determined the challenge to the attachment moot. *Id*. Plaintiff here does not have a judgment.

Next, Plaintiff cites *Thompson v. Fajerstein*, No. 08 C 3240, 2009 U.S. Dist. LEXIS 131211 (N.D. Ill. June 11, 2009). In that case, the plaintiff wired $150,000 to the defendant for purchase of diamonds, but the defendant refused to refund the money after the purchase was unsuccessful, thereby giving rise to a definite right to payment of money. *Thompson v. Fajerstein*, No. 08 C 3240, 2008 U.S. Dist. Ct. Motions LEXIS 102648 (N.D. Ill. July 16, 2008). The court based the attachment on six causes of action asserted including breach of contract, money had and received, conversion, and fraud. *Thompson*, 2009 U.S. Dist. LEXIS 131211, at *4-5. It did not issue the attachment based on solely the tort claim without any existing right to payment. *Id*. The court further found that the defendant left Illinois with the intention of removing his assets from Illinois. *Id*. at 3. That case is clearly distinguishable. Unlike *Thompson*, Plaintiff here does not assert any contractual claims, nor are its claims based on an existing, enforceable right to payment. Crucially, Plaintiff here seeks the Court to attach properties outside Illinois, exceeding the statutory authority under 735 ILCS 5/4-101.

Finally, Plaintiff cites *People ex rel. Dir. of Corr. v. Booth*, 830 N.E.2d 569 (2005). That case does not help Plaintiff. Notably, the attachment there was issued pursuant to the repealed 735 ILCS 5/4-101(11) (West 2002).[2] *Id*. at 572. In that case, the State of Illinois brought a claim for reimbursement of expenses incurred in incarceration pursuant to the Unified Code of Corrections 731 ILCS 5/3-7-6. *Booth*, at 572. The court granted attachment pursuant to 735 ILCS 5/4-101(11),

---

[2] 2019 Ill. HB 900 was enacted August 9, 2019, which deleted 735 ILCS 5/4-101(11): when the debtor is referred by the Department of Corrections to the Attorney General under Section 3-7-6 of the Unified Code of Corrections to recover the expenses incurred as a result of that debtor's cost of incarceration. *See* 2019 ILL. ALS 235, 2019 Ill. Laws 235, 2019 ILL. P.A. 235, 2019 Ill. HB 900.

in combination with the statutory authorization of 731 ILCS 5/3-7-6(e)(3), prescribing that a court may issue an order to any party in possession of a committed person's assets "to appropriate any of the assets… towards reimbursing" the incarceration costs. *Booth*, at 572. 731 ILCS 5/3-7-6 sets forth a clear method of calculating the incarceration costs, making the Department of Corrections a creditor with a definite claim of money payment. However, Plaintiff here has not shown any definite, enforceable obligation, or ascertainable damages.

The Court rightfully denied Plaintiff's previous motion, and it should do the same now.

### C. The Illinois Statute Does Not Authorize Attaching Assets Outside Illinois.

The Illinois statutory regime does not authorize attaching assets outside of Illinois. 735 ILCS 5/4-110 provides that an order for attachment shall be directed to the sheriff… in which the action is commenced…. Such order shall order the officer to attach so much of the estate, real or personal, of the defendant, to be found in the county [in which the action is commenced]." *Also*, *Hinman v. Rushmore*, 27 Ill. 508, 27 Ill. 509, 510 (1862). With the initiation of the attachment proceedings in the property county, 735 ILCS 5/4-118 permits a creditor to obtain an order to attach property in "any other county in the State where the debtor may have property." *Integrated Livestock & Mgmt. Co. v. Pure Cattle, LLC*, No. 09-CV-1350, 2010 U.S. Dist. LEXIS 99580, *5 (C.D. Ill. June 21, 2010). A federal court applying the Illinois attachment statute has found it restrained by those requirements. *Integrated Livestock*, *3-5. Attachment proceedings derive all of their validity from statutes and must conform in all respects to the statutory requirements. *Apollo Metals, Inc. v. Standard Mirror Co.*, 87 Ill. App. 2d 383, 231 N.E.2d 655 (Ill. App. Ct. 1st Dist. 1967). Strict compliance with the statute is mandatory before issuing an attachment order. *Martin v. Schillo*, 389 Ill. 607, 60 N.E.2d 392, 1945 Ill. LEXIS 514 (Ill.), *cert. denied*, 325 U.S. 880 (U.S. 1945) (Because attachment proceedings are statutory, to give the court jurisdiction of the subject matter and the parties, the statute must be strictly complied with).

6

The general rule is that intangible property including accounts, like the PayPal accounts here, is "located" in its owner's domicile. *Gates v. Syrian Arab Republic*, No. 11 C 8715, 2013 U.S. Dist. LEXIS 45326, *10 (N.D. Ill. Mar. 29, 2013). The PayPal accounts belong to Defendants who are domiciled in mainland China or Hong Kong. [Dkt. 71.] In *GP Credit Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 981 (7th Cir. 2003), the court found that the location of the legal claim is the domicile of the claim's owner. Here, it could be said that the Defendants hold a legal claim to the PayPal accounts, so the accounts are located in the domicile of Defendants, meaning mainland China or Hong Kong. Therefore, the situs of the PayPal is not in Cook County, where this case was commenced. As such, the Court cannot issue an attachment order to the accounts.

Additionally, even if the Court decides that it has the power to restrain the PayPal accounts, to provide Plaintiff with such an extraordinary remedy requires the court to exercise its discretion under federal rules absent a direct statutory authority. But the circumstances here do not warrant exercising discretion to exceed the strict framework of the Illinois attachment statutes. Plaintiff has failed to demonstrate any aggravation, fraudulent concealment, or risk of dissipation. The existing preliminary injunction is sufficient to address any alleged risk of satisfying a potential judgment. Therefore, Plaintiff's motion must be denied.

Plaintiff also failed to file the required affidavit with necessary information and facts establishing its alleged cause of action as required by 735 ILCS 5/4-104 & 105. That alone is sufficient to deny its motion.

**D.  Plaintiff Has No Basis to Request the Egregious Asset Restraint.**

Plaintiff has provided no valid basis for its alleged $3.5 million attachment. There is no evidence supporting Plaintiff's entitlement to such payment, as it does not have a judgment. Plaintiff relies solely on the expert's opinion arguing for a corrective advertising theory, absent any factual basis for his calculations and opinions. Nor has Plaintiff explained why Defendants are

7

liable for no less than $3.5 million of those damages. As stated in Defendants' declarations in support of motion to dismiss, Defendant Nos. 1, 6, 12, 14, 100, and 101 made zero sales in Illinois and the U.S. besides the order placed by Plaintiff to conjure up jurisdiction. [Dkt. 71.] Defendant No. 95 made only 73 sales in the U.S.[3] [Dkt. 71.] The total sales amount to less than $3,000 for all Defendants. [Dkt. 71.] The minimal sales amount undermines any negative advertising caused by Defendants to warrant such an egregious attachment. This is especially true because there has been no evidence presented that it was solely Defendants' advertisement or alleged infringement that required the alleged corrective advertisement. In other words, Plaintiff's alleged corrective advertisement presumably would have been needed, at least according to Plaintiff's theory, due to the alleged widespread infringement by other parties irrespective of any actions by Defendants. Accordingly, there is no nexus between Defendants' alleged infringement to the corrective advertisement, and certainly no connection between the excessive amount of corrective advertisement necessary to address the less than $3,000.00 in sales by the Defendants. In any event, whether corrective advertisement is a proper measure of damages and/or the amount of corrective advertisement necessary to address the alleged infringement is a disputed issue, and thus cannot be the basis for an attachment as it does not confer a "definite right to payment."

Finally, Plaintiff has yet to establish jurisdiction over Defendants since Defendants' Motion is pending briefing and ruling.

As the Supreme Court noted, a "well-established general rule" requires a judgment establishing a debt before a court can interfere with the debtor's use of his property. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund*, 527 U.S. 308, 321 (1999). Absent statutory grounds, what Plaintiff is essentially seeking is an equitable attachment, which is not allowed

---

[3] Upon further analysis, Defendant No. 95 made only 19 sales in the U.S. (including one order by Plaintiff), totaling only $883.57. Therefore, the sales amount of Defendant No. 95 is even lower than what was stated in its declaration [Dkt. 71-4].

8

under Illinois law. *Hensley Constr., LLC v. Pulte Home Corp.*, 399 Ill. App. 3d 184, 190-91, 926 N.E.2d 965, 972 (2010).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for prejudgment asset restraint [Dkt. 73] with prejudice and grant other relief that is just and appropriate.

Dated: September 18, 2024

Respectfully submitted,

*/s/ Ronghua Guan*
Jacob Chen, Esq. (*pro hac vice*)
Ronghua Guan, Esq. (*pro hac vice*)
Anthony H. Son (Bar No. 46465146)

DGW KRAMER LLP
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Tel: (917) 983-2806
Email: ronghua@dgwllp.com

*Attorneys for Defendants*